UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 2:25-cv-08686-MWC-PVC     Date: November 13, 2025

Title: Gregorio Estrada-Chavez v. General Motors, LLC *et al.*

Present: The Honorable Michelle Williams Court, United States District Judge

| T. Jackson | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings: (IN CHAMBERS) Order GRANTING Plaintiff's Motion to Remand (Dkt. 15) JS-6**

    Before the Court is Plaintiff Gregorio Estrada-Chavez's ("Plaintiff") motion to remand. *See* Dkt. # 15 ("*Mot.*"). Defendant General Motors, LLC ("Defendant") opposed, *see* Dkt. # 16 ("*Opp.*"), and Plaintiff replied, *see* Dkt. # 17 ("*Reply*"). The Court finds this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers, the Court **GRANTS** Plaintiff's motion to remand.

I.    Background

    This lemon law action arises out of Plaintiff's purchase of a 2018 Chevrolet Silverado 1500. *See generally* Dkt. # 1-1 ("*Compl.*"). Plaintiff asserts causes of action under the Song-Beverly Consumer Warranty Act for breach of express and implied warranties, breach of the implied warranty of merchantability, violations of Cal. Civ. Code § 1793.2(b), violation of the Uniform Commercial Code, and violation of the Magnuson-Moss Warranty Act. *See* Dkt. # 1, 2 ("*NOR*"). Plaintiff filed this action in Los Angeles County Superior Court on February 13, 2025, and Defendant removed to this Court on September 12, 2025. *See id.* Plaintiff filed the Motion on October 10, 2025, arguing, *inter alia*, that the Complaint includes sufficient information to trigger the 30-day removal obligation under 28 U.S.C. § 1446 and that Defendant did not timely remove. *See generally Mot.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:25-cv-08686-MWC-PVC                                   Date: November 13, 2025

Title:    Gregorio Estrada-Chavez v. General Motors, LLC *et al.*

## II.   Legal Standard

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute."  *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (internal quotation marks omitted).  Under 28 U.S.C. § 1441, a defendant may remove a civil action from state court to federal district court only if the federal court has subject matter jurisdiction over the case.  *See City of Chi. v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163 (1997) ("The propriety of removal thus depends on whether the case originally could have been filed in federal court.").  Courts strictly construe the removal statute against removal jurisdiction.  *See Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009); *Luther v. Countrywide Home Loans Servicing, LP*, 533 F.3d 1031, 1034 (9th Cir. 2008).  "A defendant seeking removal has the burden to establish that removal is proper and any doubt is resolved against removability."  *Luther*, 533 F.3d at 1034; *see also Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) ("[A]ny doubt about the right of removal requires resolution in favor of remand.").

A defendant must file a notice of removal within 30 days of either (1) being served with a complaint that establishes federal jurisdiction on its face or (2) "if the case stated by the initial pleading is not removable," receipt of "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."  28 U.S.C. § 1446(b)(1), (3).  For the latter, the removal clock is triggered only when the ground for removal is "unequivocally clear and certain."  *Dietrich v. Boeing Co.*, 14 F.4th 1089, 1095 (9th Cir. 2021).  "[D]efendants need not make extrapolations or engage in guesswork [to determine the amount in controversy]; yet the statute 'requires a defendant to apply a reasonable amount of intelligence in ascertaining removability.'"  *Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1140 (9th Cir. 2013) (quoting *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 206 (2d Cir. 2001)).  When removal is based on diversity jurisdiction, the removing defendant must show by a preponderance of the evidence that there is complete diversity and that the amount in controversy exceeds $75,000.  *See Lopez v. So. Cal. Edison Co.*, No. 2:17-CV-06413-SVW-MRW, 2017 WL 4712189, at *1 (C.D. Cal. Oct. 18, 2017) (citing *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 839 (9th Cir. 2002)).  Claims under the federal Magnuson-Moss Warranty Act require an amount in controversy of only $50,000.  *See* 15 U.S.C. § 2310(d) (creating private cause of action for consumers but permitting claims to be filed in federal courts only if the amount in controversy is at least "$50,000 (exclusive of interests and costs) computed on the basis of all claims to be determined in this suit").  Defendant bears

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 2:25-cv-08686-MWC-PVC | Date: November 13, 2025 |
| Title: Gregorio Estrada-Chavez v. General Motors, LLC *et al.* | |

the burden of proving that removal was proper, and the "strong presumption" against removal jurisdiction requires remand "if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566–67 (9th Cir. 1992); *see, e.g.*, *Baumann v. BMW of N. Am., LLC*, No. 17-CV-01707-BRO, 2017 WL 1538155, at *5 (C.D. Cal. Apr. 26, 2017) (applying *Gaus* presumption and finding removal of lemon-law case untimely).

III. Discussion

Because the Complaint included sufficient information to put Defendant on notice of the amount in controversy, the Complaint triggered the 30-day clock for Defendant to remove. The Complaint alleges that Plaintiff purchased a 2018 Chevrolet Silverado 1500 with the vehicle identification number ("VIN") 3GCUCRER4JG230027. *Compl.* ¶ 7. It alleges that the vehicle suffered from various defects, including transmission defects. *Id.* ¶ 13. Plaintiff sought various forms of relief, including actual damages, restitution, a civil penalty up to two times Plaintiff's actual damages pursuant to Cal. Civ. Code § 1794(c), any consequential and incidental damages, remedies authorized by Cal. Com. Code §§ 2711, 2712, and / or 2713, and costs and expenses of the suit (including Plaintiff's attorneys' fees). *See id.* 6.

"State law generally guides courts in determining whether punitive damages are available as a remedy for breach of warranty under the [Magnuson-Moss Warranty] Act." *Kelly v. Fleetwood Enters., Inc.*, 377 F.3d 1034, 1039 (9th Cir. 2004); *see also Schimmer v. Jaguar Cars, Inc.*, 384 F.3d 402, 404 (7th Cir. 2004) ("The Act also, however, allows consumers to enforce written and implied warranties in federal court, borrowing state law causes of action."); *Boelens v. Redman Homes, Inc.*, 748 F.2d 1058, 1069 (5th Cir. 1984) (same). Accordingly, if Plaintiff can recover civil penalties under California law, those remedies inform the amount in controversy under the Magnuson-Moss Warranty Act. *See Romo v. FFG Ins. Co.*, 397 F. Supp. 2d 1237, 1239–40 (C.D. Cal. 2005). Cal. Civ. Code § 1794(c) allows Plaintiff to recover up to twice their actual damages. Thus, if any indication as to the amount in controversy was sufficiently clear to trigger removal, it would be under the Magnuson-Moss Warranty Act, since this federal law has the lowest threshold, allows state remedies to count toward the relevant amount in controversy, and does not require a defendant to ascertain the plaintiff's domicile.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.  2:25-cv-08686-MWC-PVC | Date: November 13, 2025 |
| Title:  Gregorio Estrada-Chavez v. General Motors, LLC *et al.* | |

Here, the Complaint included sufficient information to trigger Defendant's obligation to remove, as Defendant should have known from the Complaint that the amount in controversy exceeded $50,000. Given that Defendant manufactured the vehicle in question and had the make, model, year, and VIN of the vehicle, the Court cannot ignore that Defendant would have had at least some idea as to the price of the car. Moreover, Plaintiff sought penalties under Cal. Civ. Code § 1794(c), which allows for recovery of a civil penalty up to twice Plaintiff's actual damages (a fact that Plaintiff explicitly stated in the Complaint). *See Compl.* 6. To meet the $50,000 threshold—without accounting for any of the other relief Plaintiff requested—Plaintiff would have had to purchase the vehicle for at least $16,666.67. Since the vehicle was a 2018 model truck, applying "a reasonable amount of intelligence" would have allowed Defendant to conclude that Plaintiff purchased the vehicle for at least that much. *See Kuxhausen*, 707 F.3d at 1140; *Ward v. Ford Motor Co.*, No. CV 22-2771-DMG (PLAx), 2022 WL 2057501, at *1 (C.D. Cal. May 6, 2022) (identifying that since the plaintiff "provided the year, make, model, and purchase date of the car in his Complaint—a car that Ford itself manufactured—Ford should have easily been able to ascertain from the Complaint alone that a car that in fact retailed for over $50,000 had sold for at least $11,666.67."); *McDaniel v. Ford Motor Company*, No. CV 22-2431 PA (ASx), at 4 (C.D. Cal. Apr. 21, 2022). Defendant's purchase price estimate of $56,511.12 for the vehicle, *see NOR* 5, reinforces the Court's determination that the requisite amount in controversy would have been clear from the face of the Complaint. In addition to seeking restitution and the civil penalty under Cal. Civ. Code § 1794(c), Plaintiff also sought attorneys' fees and remedies authorized by Cal. Com. Code §§ 2711, 2712, and 2713, further buttressing the conclusion that the Complaint offered enough information for Defendant to recognize that the amount in controversy exceeded $50,000.

To the extent there is any doubt that would have led the Court to decide in favor of remand, Defendant is incorrect when it argues that the *Gaus* presumption is inapt. *See Opp.* 1–2, 8–9. Defendant argues that the *Gaus* presumption does not apply in this case by asserting that the presumption applies only to jurisdictional challenges to removal, not procedural ones. *See id.* 8. First, Defendant refers to *Breuer v. Jim's Concrete of Brevard, Inc.*, 583 U.S. 691 (2003), including a quote that "[s]ince 1948, therefore, there has been no question that whenever the subject matter of an action qualifies it for removal, the burden is on a plaintiff to find an express exception." *Opp.* 8. As the Supreme Court was analyzing the statutory language of 29 U.S.C. § 216(b), Defendant's quotation referred to the question of whether there is a statutory mechanism to prevent removal at all, not whether it applies in a given case. *See Breuer*, 583 U.S. at 697–98. Here, regardless of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:25-cv-08686-MWC-PVC                              Date: November 13, 2025

Title:    Gregorio Estrada-Chavez v. General Motors, LLC *et al.*

whether the exception applies, not even Defendant contests that there exists a statutory mechanism to rebut removal: 28 U.S.C. § 1446(b), which requires a defendant to file a notice of removal within 30 days of receiving a pleading that includes sufficient information for defendant to discern that it can remove the case. *See* 28 U.S.C. § 1446(b)(1), (3); *Thomas v. Aeolus Air Charter, Inc.*, No. 2:23-cv-01523-ODW (JPRx), 2023 WL 4745727, at *3 (C.D. Cal. July 25, 2023) ("Obviously, if removal was untimely, then the Court should remand this case on that basis.").

Defendant next cites *Smith v. Mylan* for the proposition that plaintiffs bear the burden when moving to remand, but *Smith* says nothing of the kind. 761 F.3d 1042 (9th Cir. 2014). Rather, in *Smith* the plaintiff did not object to removal, and the district court remanded the case *sua sponte* based on a non-jurisdictional defect. *Id.* at 1045. Instead, the Ninth Circuit reasoned that "[b]ecause procedural defects are waivable, a district court lacks authority to remand based on the defendant's violation of" a § 1446 time limit. *Id.* Indeed, the word "burden" does not appear in the opinion. *See generally id.*

To be sure, the Ninth Circuit acknowledged in 2013 that "the Supreme Court has recently relaxed its presumption against removal" in certain cases. *Destfino v. Reiswig*, 630 F.3d 952, 956 (9th Cir. 2011). But the full quotation clarifies why the *Gaus* presumption remains intact, as the Supreme Court relaxed its presumption against removal "by allowing a defendant to remove even though he didn't do so within thirty days of receiving a faxed courtesy copy of the complaint." *Id.* (citing *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999)). The Supreme Court identified in *Murphy Bros.* that "a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." 526 U.S. at 347. Here, Defendant does not contend that Plaintiff failed to provide formal process or proper notice of the action. And the Ninth Circuit has continued to apply the *Gaus* presumption in *Destfino*'s wake. *See, e.g.*, *Shah v. Meier Enters., Inc.*, 855 Fed. Appx. 384, 396 (9th Cir. 2021) (highlighting that "the district court acknowledged that [t]he removal statute is strictly construed and any doubt about the right of removal requires resolution in favor of remand," and concluding accordingly "that [the district court] did not improperly shift the burden to [Plaintiff] to establish that removal was improper." (internal quotation marks and citation omitted)).

Lastly, though Defendant relies on *Kuxhausen* to rebut the *Gaus* presumption, *Kuxhausen* is factually distinguishable. That case centered on the Class Action Fairness

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:25-cv-08686-MWC-PVC                                             Date: November 13, 2025

Title:   Gregorio Estrada-Chavez v. General Motors, LLC *et al.*

Act of 2005 ("CAFA"), and the defendant there lacked notice of the amount in controversy because the plaintiff's complaint did not provide information related to other class members' vehicle financing contracts, of which there were at least 200.  *See Kuxhausen*, 707 F.3d at 1140–41.  The plaintiff argued that the defendant could have used its business records to identify a representative valuation for each of the putative class members and their various vehicles, about whom the defendant knew almost nothing beyond the classes to which the plaintiffs would belong.  *See id.* at 1138, 1141.  Here, by contrast, Defendant had highly specific information as to the only plaintiff—and the only vehicle—relevant to the case.  This information left little room for "extrapolation[] or . . . guesswork" on Defendant's part.  *Id.* at 1140.

Despite Defendant's efforts to recast the case law, any doubt as to removal still must be resolved in favor of remand.  *See Gaus*, 980 F.2d at 566–67.  Accordingly, the Court finds that remand is appropriate.

IV.   Conclusion

For the foregoing reasons, the Court **GRANTS** Plaintiff's motion to remand.  The November 21, 2025, hearing is **VACATED**.  This Order closes the case.  [JS-6]

**IT IS SO ORDERED.**

                                                                  **Initials of Preparer**   TJ